IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT DUANE FRANKLIN,                No. CIV S-11-1012-CMK-P

        Plaintiff,

    vs.                                                              ORDER

I. K. MAY, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172,

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff is challenging a classification committee decision that he is not allowed family visits. He claims that he is being denied family visits based on a "good cause" finding by the Board of Parole Hearing, and the arbitrary application of a regulation. He alleges the determination that he is not entitled to family visits was in retaliation for filing two other civil rights actions. It therefore appears that plaintiff is alleging two claims: a due process violation for the finding that he is not entitled to family visits; and retaliation.

## II. DISCUSSION

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). It is not, however, a guarantee to unfettered visitation. See Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460-61 (1989); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). Specifically, prisoners have no right to contact visitation. See Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam); Casey v. Lewis, 4 F.3d 1516, 1523 (9th Cir. 1993). It is clear that the decision plaintiff is challenging was a determination that he is not entitled to contact visitations with his family. The basis for this determination, according to the documents attached to plaintiff's complaint, was the finding by the Board of Prison Terms that he had been arrested on charges of rape, sodomy and oral copulation, which resulted in the violation of his parole and return to prison. Thus, pursuant to California Code of Regulation

(CCR) § 3177(b)(1), plaintiff is not eligible for family visiting (conjugal or overnight).  This issue was apparently only recently addressed as plaintiff's prior custody level was too high for him to be eligible for such visits, but has since been reduced.   However, as there is no constitutionally protected right to such visits, plaintiff is unable to state a claim for violation of his due process rights.

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose.  See Rhodes, 408 F.3d at 568.

As to the chilling effect, the Ninth Circuit in Rhodes observed: "If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect."  Id. at n.11.  By way of example, the court cited Pratt in which a retaliation claim had been decided without discussing chilling.  See id.  This citation is somewhat confusing in that the court in Pratt had no reason to discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate

penological interests.  See Pratt, 65 F.3d at 808-09.  Nonetheless, while the court has clearly stated that one of the "basic elements" of a First Amendment retaliation claim is that the adverse action "chilled the inmates exercise of his First Amendment rights," id. at 567-68, see also Resnick, 213 F.3d at 449, the comment in Rhodes at footnote 11 suggests that adverse action which is more than minimal satisfies this element.  Thus, if this reading of Rhodes is correct, the chilling effect element is essentially subsumed by adverse action.

   Plaintiff's allegations that he is being denied family visits in retaliation for filing of civil rights actions are not plausible.  As discussed above, it is clear from the documents attached to the complaint that plaintiff's visitation rights were evaluated at an annual review and in relation to a decrease in his custody level.  Once his custody level was lowered, the prison officials then determined whether he was eligible for family visits.  The determination that he was not eligible is supported by the Board of Parole Hearings findings.  Plaintiff does not challenge the truth of those findings, nor the underlying arrest on those charges.  Therefore, it is clear that any adverse action taken against plaintiff was based on legitimate penological purpose, and not in retaliation.  Even reading the allegations in the complaint as broadly as possible, such allegations are not sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555-56 (2007).

   A complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S. at 556).  Plaintiff's complaint fails to meet this standard.  It is clear from his allegations that there is no basis for either of his claims, and no amendment would cure the defects.

/ / /

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  <u>See</u> Local Rule 110.

IT IS SO ORDERED.

DATED: October 18, 2011

                                                                                                      **CRAIG M. KELLISON**  
                                                                                                       UNITED STATES MAGISTRATE JUDGE