IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT DUANE FRANKLIN,          No. CIV S-11-1012-CMK-P

        Plaintiff,

  vs.                                                ORDER

I. K. MAY, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

        On October 19, 2011, the court issued plaintiff an order to show cause why this action should not be dismissed for failure to state a claim. Plaintiff has responded to that order. In the court's order to show cause, the undersigned summarized plaintiff's claims as follows:

> Plaintiff is challenging a classification committee decision that he is not allowed family visits. He claims that he is being denied family visits based on a "good cause" finding by the Board of Parole Hearing, and the arbitrary application of a regulation. He alleges the determination that he is not entitled to family visits was in retaliation for filing two other civil rights actions. It therefore appears that plaintiff is alleging two claims: a due process violation for the finding that he is not entitled to family visits;

1

and retaliation.

(Order, Doc. 11, at 2). As to plaintiff's due process claim, the undersigned determined:

> The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). It is not, however, a guarantee to unfettered visitation. See Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460-61 (1989); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). Specifically, prisoners have no right to contact visitation. See Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam); Casey v. Lewis, 4 F.3d 1516, 1523 (9th Cir. 1993). It is clear that the decision plaintiff is challenging was a determination that he is not entitled to contact visitations with his family. The basis for this determination, according to the documents attached to plaintiff's complaint, was the finding by the Board of Prison Terms that he had been arrested on charges of rape, sodomy and oral copulation, which resulted in the violation of his parole and return to prison. Thus, pursuant to California Code of Regulation (CCR) § 3177(b)(1), plaintiff is not eligible for family visiting (conjugal or overnight). This issue was apparently only recently addressed as plaintiff's prior custody level was too high for him to be eligible for such visits, but has since been reduced. However, as there is no constitutionally protected right to such visits, plaintiff is unable to state a claim for violation of his due process rights.

(Order, Doc. 11, at 2-3).

After setting forth the legal standards necessary to state a claim for retaliation, the undersigned found:

> Plaintiff's allegations that he is being denied family visits in retaliation for filing of civil rights actions are not plausible. As discussed above, it is clear from the documents attached to the complaint that plaintiff's visitation rights were evaluated at an annual review and in relation to a decrease in his custody level. Once his custody level was lowered, the prison officials then determined whether he was eligible for family visits. The determination that he was not eligible is supported by the Board of Parole Hearings findings. Plaintiff does not challenge the truth of those findings, nor the underlying arrest on those charges. Therefore, it is clear that any adverse action taken against plaintiff was based on legitimate penological purpose, and not in retaliation. Even reading the allegations in the complaint as broadly as possible, such allegations are not sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555-56 (2007).

(order, Doc. 11, at 4).

In response to the court's order to show cause, plaintiff argues that CCR § 3177 only applies to those inmates charged with a violent or sex offense involving a minor or family member, and the charges against him were not involving either. However, plaintiff misreads

CCR § 3177. Section 3177(b)(1) states that family visits are not permitted for inmates convicted of a violent offense involving a minor or family member, **or** an inmate convicted of **any** sex offense. Thus, if an inmate is convicted of any sex offense, regardless of whether the victim is a member of the inmate's family or a minor, the inmate is not eligible for family visits. Plaintiff falls in this later category, that he is ineligible based on the parole violation for rape. The underlying basis for plaintiff's claim, therefore, is based on an inaccurate reading of the applicable regulation. Plaintiff therefore fails to show good cause why this case should not be dismissed.

In addition, plaintiff had filed a motion for a temporary restraining order (Doc. 5). In that motion, plaintiff raises concerns over being transferred to High Desert State Prison (HDSP). Plaintiff's motion must be denied for several reasons. First, plaintiff has filed a request for injunctive relief against individuals who are not named as defendants in this action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). The request must, therefore, be denied on that basis.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S. Ct. at 374).

The instant action relates to plaintiff's denial of family visits, and is unrelated to the risks plaintiff alleges are associated with a possible transfer to HDSP. In addition, as discussed above, plaintiff cannot succeed on the merits of his underlying claim in this action. Finally, after filing his motion, plaintiff was transferred to Avenal State Prison, not HDSP, and there is no indication that he will subsequently be transferred to HDSP. Thus, there is no basis for the court to issue any injunction.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for injunctive relief (Doc. 5) is denied;
2. Plaintiff's complaint is dismissed for failure to state a claim; and
3. The Clerk of the Court is directed to enter judgment and close this case.

DATED: March 27, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE